**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV863-FDW-DSC**

| | |
|---|---|
| COSTON THOMPSON,<br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Commissioner of Social**<br>**Security Administration,**<br>    Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #17) and Defendant's "Motion for Summary Judgment" (document #19), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on December 22, 2016.   He assigns error to the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Administrative Law Judge's ("ALJ") assessment of his credibility and formulation of his Residual Functional Capacity ("RFC").[2] See Plaintiff's "Memorandum ..." at 4 (document #18). Plaintiff also argues that the ALJ failed to provide an adequate explanation for the weight assigned to certain medical opinions. Id.

The parties' cross-Motions are ripe for disposition.

## II. **STANDARD OF REVIEW**

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[3] as that term of art is defined for Social Security purposes.

Plaintiff challenges the ALJ's determination of his RFC. The ALJ found that Plaintiff retained the RFC to perform light work[4] "except the claimant would have no difficulty sitting for long periods … [and] uses a cane to ambulate." (Tr. 19).

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). (emphasis added).

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

Plaintiff's argument is based upon the ALJ's assessment of his need for breaks throughout the

work day. In response to the ALJ's hypothetical, a Vocational Expert (V.E.) identified unskilled work as a parking lot cashier and small parts assembler that Plaintiff could perform. (Tr. 49–50). The V.E. testified that these jobs would allow for three scheduled breaks. (Tr. 22, 51–52); see also SSR 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) (noting the customary morning break, lunch period, and afternoon break at approximately two-hour intervals). Plaintiff contends that he may require as many as three additional unscheduled breaks throughout the work day. Plaintiff offers no evidence establishing his need for additional breaks. The ALJ's assessment of Plaintiff's need for breaks is supported by substantial evidence.

Plaintiff also assigns error to the ALJ's credibility determination. A review of the ALJ's decision reveals that his credibility determination is supported by substantial evidence.

The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

5

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's right hip replacement and degenerative arthritis – which could be expected to produce some of the symptoms he claims. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not consistent with the objective evidence in the record. 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") The ALJ is responsible for making credibility determinations and resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ is accorded deference with respect to determinations of a claimant's credibility. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Indeed, "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Id.

The Social Security Administration has drafted template language for inclusion in ALJ decisions. See Mascio, 780 F.3d at 638 n.9 (citing Bjornson v. Astrue, 671 F.3d 640, 644–45 (7th Cir. 2012)). The following language related to determining credibility was criticized in Mascio:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Id. at 639. The Fourth Circuit found that this language implies that a claimant's ability to work is determined first and then used to assess his credibility. The Court concluded that this language conflicts with the Agency's regulations. Id. at 639 (citing Bjornson, 671 F.3d at 645; 20 C.F.R. §

416.929(a); SSR 96-8p).

Plaintiff concedes that the "boilerplate language" used by the ALJ here differs from Mascio. Document #18 at 8. The Fourth Circuit has held that use of such language constitutes harmless error if the ALJ "properly analyzed credibility elsewhere." Id.; accord Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012) ("If the ALJ has otherwise explained his conclusion adequately, the inclusion of this language can be harmless."). Here, the Court finds that the ALJ engaged in a thorough, well-reasoned credibility analysis that renders any error harmless.

Prior to Mascio, this Court found that "the boilerplate did not comprise the ALJ's entire credibility discussion, but merely served as a transition into a more detailed discussion juxtaposing Plaintiff's complaints with medical evidence that showed Plaintiff functioning at a higher capacity." Medley v, Astrue, No. 3:12-CV-311-MOC-DCK, 2013 WL 1858559, *7 (W.D.N.C. Mar. 28, 2013).

Here, the ALJ found substantial evidence to support a finding that Plaintiff's statements were less than fully credible. After summarizing Plaintiff's subjective complaints (Tr. 19), the ALJ discussed the objective evidence (Tr. 19–21) as well as the opinion evidence of record. (Tr. 21–22). In so doing, the ALJ explained his finding that the evidence did not support the degree of limitation that Plaintiff had alleged.

The ALJ "properly analyzed [Plaintiff's] credibility," so the use of any boilerplate language in the credibility determination was at most harmless error. Mascio at 639. In short, the ALJ "showed [his] work." Patterson v. Comm'r of Social Security, 846 F.3d 656, 663 (4th Cir. 2017) (admonishing ALJ to "[s]how your work").

Finally, Plaintiff argues that the ALJ erred in his consideration of the opinion evidence submitted by his treating orthopedic surgeon, Dr. John Masonis, and by State agency personnel.

7

See Plaintiff's "Memorandum ..." at 11-12 (document #18). The ALJ has a duty to consider all the evidence presented, to evaluate every medical opinion received, and to "give good reasons" in the decision for the weight given to the opinion of a treating source. 20 C.F.R. § 416.920(a)(3), 416.920b, 416.927(c).[5] The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

The ALJ considered Dr. Masonis' March 2015 opinion and acknowledged that he had been treating Plaintiff since his May 2013 hip surgery. (Tr. 21, (citing Tr. 484–85)). The ALJ noted that the severe limitations included in Dr. Masonis' opinion, including that Plaintiff would require unscheduled breaks, were inconsistent with treatment notes from the period at issue, including his own. The ALJ discussed records showing that Plaintiff improved following surgery, as reflected by x-rays and functional evaluations (Tr. 20 (citing Tr. 355 (noting slow-but-sure improvement)); Tr. 20 (citing Tr. 370 (noting improvement and good x-rays)); Tr. 20 (citing Tr. 446 (noting "no pain on evaluation")).

---

[5] After the decision at issue in this case, the Agency published revised rules relating to the evaluation of medical evidence. See 82 Fed. Reg. 15132 (March 27, 2017). These rules are effective as of March 27, 2017. They do not apply to the ALJ's decision in this case, issued on August 12, 2015. The Court will cite to the rules in effect at the time of the ALJ's decision.

The ALJ provided adequate reasons for discounting Dr. Masonis' opinion that Plaintiff would require unscheduled breaks and a large amount of time off task. (Tr. 485). The ALJ did find that other parts of the opinion—such as Plaintiff's need of a cane and scheduled breaks every two hours— were consistent with the other evidence of record and entitled to some weight. Substantial evidence supports the ALJ's conclusion.

The ALJ also considered the opinion of State agency medical consultant Dr. Robert Pyle and gave it "some weight." (Tr. 22 (citing Tr. 80–81)). The ALJ's analysis and RFC finding were generally consistent with Dr. Pyle's opinion. This conclusion is supported by substantial evidence.

Finally, Plaintiff argues that the ALJ erred in giving "no weight" to the RFC assessment given at the initial level by Ray Duckworth, a "single decisionmaker." See Plaintiff's "Memorandum ..." at 12 (document #18). To the contrary, "single decisionmakers" are not medical sources. 20 C.F.R. § 416.902. Rather, in certain cases, they may make an initial determination at the State agency level with assistance from medical consultants. See 20 C.F.R. § 416.1406. Since that RFC assessment was not a medical opinion, the ALJ properly afforded it no weight. See 20C.F.R. § 416.927(a)(2) (2016).

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate

determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #17) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #19) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: December 21, 2017

David S. Cayer
United States Magistrate Judge